IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | | |
|---|---|---|
| DON WOLFE | § | |
| | § | |
| V. | § | CIVIL ACTION NO. G-10-578 |
| | § | |
| AMERICAN BANKERS INSURANCE | § | |
| COMPANY OF FLORIDA | § | |

## OPINION AND ORDER

I now issue this Opinion and Order denying the "Motion for Summary Judgment" of Defendant, American Bankers Insurance Company of Florida (American Bankers).

Since this case is before me with the consent of the Parties, a recitation of the relevant facts seems unnecessary; the Parties and the Court are completely familiar with the almost undisputed pertinent facts in this case.

After carefully considering the facts, the language of the applicable regulations and the SFIP, the Parties' numerous submissions and arguments, and the relevant case law, I have concluded that Judge Feldman's Opinion in Qader v. FEMA, 543 F.Supp. 2d 558, 561-62 (E.D. La. 2008), is correct.[1]  The one-year filing period begins to run when FEMA or its fiscal agent denies a claim that is based upon the insured's sworn proof of loss, not from the date a claim is denied based upon an adjuster's report.  Until the insured submits a sworn proof of loss, there is no "statement of the amount (the insured) is claiming under the policy."  Moreover, the filing of

---

[1] American Bankers argues that Judge Feldman repudiated this opinion in O'Connel v. Allstate Insurance Co., Civil Action No. 07-3316 (E.D. La. November 5, 2008), but I have personally conferred with Judge Feldman and he assures me he has not.  In O'Connel, Judge Feldman found that Plaintiff's case was time-barred because, unlike Mr. Qader, she "never filed a formal proof-of-loss statement as required by federal regulations" and the language of the SFIP.

a proof of loss is a condition precedent to filing suit. Gowland v. Aetna Insurance Co., 143 F.3d 951, 954 (5th Cir. 1998)   In attempting to reconcile the language of the regulations and the SFIP, I have concluded that the mailing of a pre-proof of loss notice letter of disallowance by a claims examiner, which informs the insured that he may file suit "within one-year of the date of this letter," does not trigger the one-year filing period in § 4072 or Article VII(R) of the SFIP.  In this case American Bankers formally denied the Plaintiff's proof of loss on September 2, 2009. Plaintiff filed suit on August 3, 2010.  I, therefore, find that the Plaintiff's lawsuit was timely filed.

I further find that the "earth movement" coverage issue presents a genuine issue of material fact which, albeit weak, precludes summary judgment.

Although I believe that equitable tolling is available in cases involving the National Flood Insurance Program, since I have determined that the Plaintiffs' suit was timely filed, I need not address equitable tolling in this matter.

For the foregoing reasons, it is **ORDERED** that the Motion for Summary Judgment (Instrument no. 22) of Defendant, American Bankers, is **DENIED**.

**DONE** at Galveston, Texas, this ___1st___ day of March, 2013.

_____
John R. Froeschner
United States Magistrate Judge